FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOBBY MARION DIXON, | No. 09-16355 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00410-JAM-GGH |
| v. | |
| MICHAEL S. EVANS, Warden and ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 4, 2010[**]
San Francisco, California

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

Bobby Marion Dixon appeals the district court's denial of his petition for

writ of habeas corpus. Dixon was convicted of first degree murder, robbery, and

related crimes. The district court had jurisdiction to consider Dixon's habeas

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

petition pursuant to 28 U.S.C. § 2254.  This court has jurisdiction pursuant to 28

U.S.C. §§ 1291 and 2253, and we affirm.[1]


I


The California Court of Appeal's due process determination was not

contrary to clearly established federal law or an unreasonable application of it.  28

U.S.C. § 2254(d)(1)-(2).   The Supreme Court has recognized that the admission of

evidence can violate the due process clause when its admission is "so extremely

unfair that its admission violates 'fundamental conceptions of justice.'"  *Dowling*

*v. United States*, 493 U.S. 342, 352 (1990) (quoting *United States v. Lovasco*, 431

U.S. 783 790 (1977)).  But the Court has "defined the category of infractions that

violate 'fundamental fairness' very narrowly."  *Id.*  Here, after a fleeting "gang"

remark was made, the trial court sustained the defense's objection and issued a

strong admonishment to the jury that no reference to gangs should have been made,

this is not a gang case, there is no evidence of gang involvement, and none of the

defendants is a gang member.  The jury was told to disregard that portion of the

witness's testimony, and that it could discredit his testimony on the basis of this

conduct alone.  In these circumstances, the appellate court could reasonably

---

[1] We note that the statement of facts section in the Attorney General's brief recites facts from a different case involving a defendant also named "Dixon."  This is unhelpful, and fails to comply with Fed. R. App. P. 28(a)(7).

conclude that the trial court's action cured whatever prejudice there may have been.

Nor was the California appellate court's determination that any remaining error was harmless unreasonable. The evidence against Dixon was quite strong. He conceded he stole the getaway car and was waiting in it by the bakery, with the motor running, during the robbery. Several witnesses testified that Dixon was part of the robbery plot from the beginning, his cohorts wore Halloween masks (it was December), and one kicked out the rear window of the SUV and another carried a large gun on the way to the bakery.

II

Dixon's further argument that the jury instruction on aiding and abetting was not faithful to California law is uncertified. We decline to certify it now, as "the fact that [a jury] instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991).

AFFIRMED.